IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| David Meyers, | ) | Case No 5:23-cv-00184-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| R. Honeycutt, Amy Jenkins, Daniel Brown, Jeffrey P. Duncan, Pamela Burr, FNU Reyes, Stephanie Hall, Joshua Sigmon, FNU Venosa, William Farrish, FNU Knoxx, FNU Jackson, FNU Simms, FNU Moss, FNU Johnson, FNU Butler, Mr. FNU Harold, FNU Shuttles, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on Plaintiff's affidavit seeking to proceed in forma pauperis. ECF No. 5. In accordance with 28 U.S.C. § 636(b) and by Order of the Honorable Martin Reidinger, United States Chief District Judge for the Western District of North Carolina, this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On January 16, 2024, the Magistrate Judge issued a Report recommending that the affidavit seeking leave to proceed in forma pauperis be denied. ECF No. 6. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report

and the serious consequences if he failed to do so. Plaintiff has not filed objections to the Report.[1]

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and adopts the recommendation of the

---

[1] Plaintiff requested an extension of time, which the Court construed as a motion for extension of time to file objections because Plaintiff has been moved. ECF No. 7. The Court granted the request and gave Plaintiff until February 5, 2024, to file objections. The Court further directed that the Report be remailed to Plaintiff. A copy of the Report was returned as undeliverable on February 14, 2024; however, it appears this was the earlier sent copy (*see* mailing date on returned envelope). Neither the second copy of the Report nor the order extending time to file objections has been returned.

Magistrate Judge. Plaintiff, an incarcerated person proceeding pro se, has previously filed at least three cases which qualify as a strike under the Prison Litigation Reform Act, 29 U.S.C. § 1915(g). He therefore cannot proceed in forma pauperis unless he satisfies the exception for "imminent danger of serious physical injury" provided by the three-strikes rule. *See id.*; *Torres v. O'Quinn*, 612 F.3d 237, 246 (4th Cir. 2010). Plaintiff's instant complaint does not contain the requisite "specific fact allegations of ongoing serious injury, or of a pattern of misconduct evidencing the likelihood of imminent physical injury." *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (internal quotation marks omitted).

Therefore, Plaintiff's affidavit to proceed in forma pauperis [5] is **DENIED**. Plaintiff is directed to pay the full filing fee of $402 within 21 days of the date of this Order. If Plaintiff chooses not to pay the filing fee by that time, this matter shall be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

April 26, 2024
Spartanburg, South Carolina